UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE CEMETERY WORKERS SUPPLEMENTAL
PENSION FUND, by its TRUSTEES SAL
ALLADEEN and KEVIN BOYD,

                Plaintiff,

         -against-

THE LUTHERAN ALL FAITHS CEMETERY,

                Defendant.
-------------------------------------------------------------X

19-cv-

COMPLAINT

Plaintiff, THE CEMETERY WORKERS SUPPLEMENTAL PENSION FUND, by its Trustees SAL ALLADEEN and KEVIN BOYD, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant, allege the following:

### NATURE OF ACTION

1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., to compel defendant to pay its total initial withdrawal liability obligation on an accelerated basis as a result of having defaulted in its quarterly payments.

### JURISDICTION

2.     Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. §§1132(a) (3), (e), and (f).

### VENUE

3.     Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the plaintiff is administered in the Eastern District.

## PARTIES

4. At all times relevant herein the CEMETERY WORKERS SUPPLEMENTAL PENSION FUND (hereinafter "the PENSION FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and Section 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Kevin Boyd are Trustees of the PENSION FUND and appear in their representative capacities.

5. At all times relevant herein, the PENSION FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, at all times relevant herein, defendant THE LUTHERAN ALL FAITHS CEMETERY ("ALL FAITHS CEMETERY"), was a New York not for profit corporation operating a cemetery with executive offices located at 67-29 Metropolitan Avenue, Middle Village, New York 11379.

7. Upon information and belief, at all relevant times herein, defendant ALL FAITHS CEMETERY was an employer in an industry affecting commerce within the meaning of ERISA Sections (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

## COUNT I

8. At the present time, and for many years prior hereto, USWU Local 74 ("Local 74") was the collective bargaining representative of certain employees of ALL FAITHS CEMETERY, including but not limited to gravediggers, groundskeepers, and mechanics (referred to herein as "Local 74 bargaining unit employees").

9. At the present time, and for many years prior hereto, Local 74 and ALL FAITHS CEMETERY were parties to collective bargaining agreements and extensions

thereof establishing terms and conditions of employment of Local 74 bargaining unit employees.

10. At all relevant times herein, ALL FAITHS CEMETERY was a participating employer in the PENSION FUND, as provided for in said collective bargaining agreements and extensions thereof.

11. At all relevant times herein, there were in force and effect a Declaration of Trust of the PENSION FUND and Delinquency Collection Guidelines, among other documents, with which defendant was required to comply.

12. At all relevant times herein there were in force and effect Trustee resolutions of the PENSION FUND with which defendant was required to comply by virtue of the Declaration of Trust of the PENSION FUND, among other documents and applicable law.

13. Effective as of December 31, 2017, the PENSION FUND terminated as a result of a mass withdrawal.

14. By letter dated June 27, 2018, the PENSION FUND notified ALL FAITHS CEMETERY of the assessment of its initial withdrawal liability in the sum of $707,819, payable over 35 quarterly installments in the amount of $24,875, with a final payment of $16,073.

15. ALL FAITHS CEMETERY made payments on or about September 1, 2018, December 1, 2018, and March 1, 2019.

16. ALL FAITHS CEMETERY failed to make the required quarterly withdrawal liability payments due on June 1, 2019 and September 1, 2019.

17. ALL FAITHS CEMETERY did not initiate proceedings to challenge or dispute the initial withdrawal liability assessment.

18. By letter dated September 11, 2019, ALL FAITHS CEMETERY was notified that it was in default of its withdrawal liability payments and that the PENSION FUND would accelerate all outstanding amounts due as and for initial withdrawal liability unless the default was cured within 60 days of said letter.

19. As of the date of the filing of this Complaint, ALL FAITHS CEMETERY has not cured its default.

20. As of the date of the filing of this Complaint, more than 60 days has elapsed since the PENSION FUND provided notice to ALL FAITHS CEMETERY of its intent to accelerate all outstanding payments.

21. ALL FAITHS CEMETERY is in default within the meaning of ERISA Section 4219(c)(5)(A), 20 U.S.C. §1399(c)(5)(A).

22. The PENSION FUND has satisfied the conditions precedent for the acceleration of the total amount of the withdrawal liability payments due, including but not limited to the requirements set forth in ERISA Section 4219, 29 U.S.C. §1399.

23. The failure and/or refusal of ALL FAITHS CEMETERY to make required withdrawal liability payments is a violation of ERISA, including but not limited to Sections 515, and 4219, 29 U.S.C. §§1145 and 1399.

24. By reason of the foregoing, ALL FAITHS CEMETERY is liable to the PENSION FUND in the amount of $633,194, together with accrued interest, liquidated damages, costs and attorneys' fees.

WHEREFORE, the PENSION FUND demands judgment against ALL FAITHS CEMETERY awarding judgment for:

4

(a) the principal amount of the unpaid initial withdrawal liability assessment in the amount of $633,194;

(b) interest on the principal amount of $633,194 from June 1, 2019 until paid in full at the rate of 7% per year, compounded;

(c) liquidated damages calculated at 20% of the principal amount of $633,194;

(d) attorneys' fees and costs of this action; and

(e) Such other and different relief as this Court deems just and proper.

Dated: New York, New York
December 8, 2019

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN
ZACHARY HARKIN
*Attorneys for Plaintiff*
45 Broadway, Suite 2430
New York, New York 10006
(212) 571-7100
gsilverman@odblaw.com
zharkin@odblaw.com